# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ARTHUR R. DOHMEN, Special Administrator of the Estate of SARAH A. FITZSIMMONS, Deceased,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>**vs.** )<br>)<br>**NEBRASKA CENTRAL RAILWAY, et al.,** )<br>)<br>**Defendants.** ) | **8:04CV164**<br><br>**ORDER** |

Now pending before the court is defendants' APPLICATION/MOTION TO BAR PLAINTIFF FROM CALLING WITNESSES AT TRIAL OR IN THE ALTERNATIVE MOTION TO COMPEL (Filing No. 19). The movants have complied with NECivR 7.1(i). Defendants complain that plaintiff has failed to respond to interrogatories and has failed to timely disclose expert witnesses. Having considered plaintiff's response and defendants' reply, I conclude that the motion should be granted, in part, and that defendants should be awarded their reasonable costs and attorney's fees incurred in preparing the motion to compel.

First, the record shows that plaintiff has failed to serve any response to defendants' Interrogatories (served on October 13, 2004) asking plaintiff for information about expert witnesses and to "state in detail Plaintiffs' specifications of negligence." Fed. R. Civ. P. 33(b)(4), governing interrogatories to parties, provides that "[a]ll grounds for an objection shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Plaintiff has not shown any cause, much less good cause, for the failure to respond to defendant's interrogatories. I find that plaintiff has waived any objections and that the motion should to compel should be granted as to defendants' interrogatories. *See Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 303 (D. Kan. 1996)

The record also shows that plaintiff was ordered to serve the defendant with expert witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2) no later than February 15, 2005. This deadline was set after a planning conference among counsel. Plaintiff's disclosures were not served until April 27, 2005 – more than two months late. Plaintiff did not seek an extension of the February 15 deadline from the court and has not explained why the disclosures were late, except to assert that the

defendants would not be prejudiced by the delay and agree to an extension of time made necessary by plaintiff's own tardiness.

Finally, it is impossible for the court to verify counsel's representation that plaintiff served Rule 26(a) initial disclosures on June 24, 2004. The initial progression order (Filing No. 10) provides that "[t]he filing of disclosures under Fed. R. Civ. P. 26(a)(1), and (2), as well as the filing of discovery documents, depositions, and disclosures required by this order shall be governed by NELR 26.1.[1] The disclosures required by Fed. R. Civ. P. 26(a)(3) shall be filed when served." The document (Filing 11) filed by plaintiff's counsel on June 24, 2004 does not contain any certificate of service or Rule 26(a)(3) disclosures; it is merely a copy of the parties' Rule 26(f) planning report. Thus, the record is devoid of any indication that the plaintiff has complied with this provision.

Despite plaintiff's failure to abide by this court's scheduling orders, the local rules of practice, and the Federal Rules of Civil Procedure, I do not believe it would be appropriate at this point to bar plaintiff from calling any witnesses at trial. Plaintiff is, however, cautioned that the continued practice of unilaterally disregarding the rules and the court's scheduling orders could well result in that type of sanction. *See generally* Fed. R. Civ. P. 37.

Fed. R. Civ. P. 37(a)(4)(A) provides that if a motion to compel discovery is granted, or if requested discovery is provided after a motion to compel or sanction is filed, sanctions shall be awarded to the moving party absent a showing of good cause for the non-disclosure by the opposing party. A party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that its position is substantially justified. *See Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994). Further, "[A] party may not avoid sanctions merely by producing the documents after a motion has been filed." *Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.*, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999) (citing *Second Chance Body Armor, Inc. v. Am. Body Armor, Inc.*, 177 F.R.D. 633, 636 (N.D. Ill. 1998)). I find that plaintiff has failed to demonstrate that the failure to timely provide discovery was substantially justified. Accordingly, monetary sanctions will be assessed against the plaintiff.

**IT IS ORDERED:**

1. Defendants' MOTION TO BAR PLAINTIFF FROM CALLING WITNESSES AT TRIAL OR IN THE ALTERNATIVE MOTION TO COMPEL (Filing No. 19) is granted in part, and denied in part, as follows:

---

[1] The Local Rules of Practice have been amended. This rule is now known as "NECivR 26.1."

  a. Plaintiff shall serve complete responses to defendants' Interrogatories before **Friday, May 6, 2005**.  All objections to the Interrogatories are deemed waived.

  b. The motion is granted with respect to plaintiff's untimely expert witness disclosures.  The March 15, 2005 deadline set in paragraph 3 of the final progression order (Filing No. 15) is extended to **May 31, 2005** as to the **defendants'** Rule 26(a)(2) disclosures.

  c. To clarify the record, plaintiff shall, forthwith, file any certificates or disclosures not previously filed which are required by the court's progression orders or the Federal Rules of Civil Procedure.

2. Defendants are entitled to an award of costs and attorney's fees pursuant to Fed. R. Civ. P. 37.  The parties shall be heard on the matter of costs and sanctions as follows:

  a. Defendants shall electronically file a motion for costs and attorney's fees, together with an affidavit attesting to the time and expenses incurred in preparing the instant motion to compel discovery, on or before **May 17, 2005**.

  b. Plaintiff shall electronically file a response, if any, to defendants' motion for attorney's fees on or before **May 31, 2005**, at which time the issue of costs and sanctions will be deemed submitted and a written order entered.

**DATED April 28, 2005.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**