## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARTHUR R. DOHMEN, Special Administrator of the Estate of SARAH A. FITZSIMMONS, Deceased,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>NEBRASKA CENTRAL RAILWAY, et al.,<br><br>　　　　　　Defendants. | 8:04CV164<br><br>ORDER |

This matter is before the court on defendants' APPLICATION/MOTION WITH RESPECT TO PLAINTIFF'S REFUSAL TO ABIDE BY THE F.R.C.P. AND THIS COURT'S ORDERS WITH RESPECT TO DISCOVERY ISSUES (#27) ("Motion to Compel") and defendants' application for attorney's fees (#26), which were awarded in conjunction with a previous motion to compel discovery.

### BACKGROUND

The pending Motion to Compel, filed on May 20, 2005, advises that plaintiff failed to abide by the court's April 28, 2005 order (#25) directing the plaintiff, *inter alia,* to serve complete responses to defendants' interrogatories before Friday, May 6, 2005.[1] Later on May 20, plaintiff filed a Certificate of Service and a Notice of Amended Certificate of Service (#30 & #31) attesting that plaintiff's answers to defendant's interrogatories were served on May 20, 2005.

---

[1] Regarding compliance with NECivR 7.1(i), defense counsel attempted to contact both of plaintiff's attorneys by telephone on May 16, 2005. While one of the attorneys sent an e-mail acknowledging the telephone call, neither attorney contacted defense counsel regarding the merits of the discovery dispute.

Although plaintiff did not file any response of record to the Motion to Compel, plaintiffs' attorneys did send a responsive letter to chambers on May 20. Due to the lack of a record response from the plaintiff, the court finds it necessary to quote counsel's letter, which states:

> We write today regarding the Court's Order of April 28, 2005 in the above-captioned case, to provide an explanation for the recent occurrences in this case and to demonstrate to the Court the seriousness with which our firm is reacting to these events.
>
> Firsts, over the last six weeks, our office has been training a new legal assistant and a new law clerk to replace experienced support staff who are no longer with our firm. One of the unfortunate consequences of having these new personnel has been calendaring mistakes which have gone unnoticed, including a failure to download and calendar the deadlines in the Court's April 28, 2005 Order in the present action. In other words, our office wasn't aware of the Court's ruling on Defendant's Motion to Compel until defendant's counsel's motion for attorney's fees was received two days ago.
>
> As an unintended and unfortunate result of these circumstances, we have inadvertently missed the Court's deadline for filing answers to Defendant's interrogatories. We have attempted to remedy this situation by immediately filing answers today regarding our expert, Dr. Ted Sokol, having previously provided his expert report on April 27th.
>
> The subject of Dr. Sokol's testimony has been the source of much contention (and motion practice) in this case. Our office did not anticipate Defendant's motion to bar Dr. Sokol's testimony, since our conversations with defense counsel to that point had led us to believe that an agreement had been reached regarding the production of his report. Well in advance of the deadline, we had informed Defendant's counsel of our expert's identity, and voluntarily provided all of the materials in our possession including a videotape of the scene, which helped form the basis of the expert's opinion. Immediately upon receiving our expert's report, we provided the same to Defendant's counsel.
>
> We feel it is necessary to state that this firm and the defense firm have litigated many railroad-related cases together in the past and have, to this point in time,

routinely accommodated each other's busy schedules by informal disclosures and agreements concerning deadlines. It was never the intent of Plaintiff's counsel to attempt to gain some advantage in this case by not disclosing experts. We did in fact notify counsel of our expert several months ago and voluntarily delivered documents and videotapes. However, we will elaborate on these points as part of our response to Defendant's Motion for Attorney's Fees.

On a separate point, we also note from the Court's Order that Plaintiff's filing no. 11, which should have been Plaintiff's Ruled 26(a) initial disclosures, served on June 24, 2004, was actually a copy of the report of parties' planning conference. This was accidental, and Plaintiff's counsel believes that Defendant received a true and exact copy of the proper document in June 2004. For the Court's purposes, however, Plaintiff has attached the correct document electronically to this e-mail.[2]

In conclusion, Plaintiff's counsel regrets extremely the inconveniences it has recently caused the Court, and has taken affirmative steps to see that such mistakes do not occur again.

## DISCUSSION

A. **MOTION TO COMPEL (#27)**

While the court recognizes the difficulties associated with training new staff, professionally, "a lawyer is ultimately responsible for the conduct of his employees and associates in the course of the professional representation of the client." *State ex rel. NSBA v. Kirshen*, 232 Neb. 445, 457 441 N.W.2d 161, 169 (1989). The records of the court show that the April 28, 2005 order was served on plaintiff's attorneys by transmission to their personal e-mail addresses. Since it was counsel's responsibility to "read their mail," so to

---

[2] Plaintiff's initial disclosures have not been filed as of record as required by the Federal Rules of Civil Procedure. An e-mail communication does not suffice.

speak, the court has little sympathy with the representation that plaintiff's attorneys were completely unaware of the April 28 order until May 20.

As noted in the April 28 order, plaintiff filed a "DISCLOSURE OF EXPERT WITNESS REPORT" for Dr. Ted Sokol (#24) on April 27, 2005. It appears that this development, combined with the receipt of plaintiffs' belated answers to defendant's first set of interrogatories has allowed defense counsel to go forward with discovery as to expert witnesses.

Turning to the other matters raised in the pending Motion to Compel and in plaintiff's response to the pending application for attorney's fees, the court believes plaintiff relies much too heavily on the initial disclosures (which are not of record) reportedly served on June 24, 2004. Defendant complains that plaintiff has not yet identified the "name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises" in accordance with paragraph 4A of the current Progression Order.[3] Initial disclosures, while useful for collecting information at the beginning of a case, are not particularly useful at the time counsel are trying to determine the identity of trial witnesses. That is why the Federal Rules of Civil Procedure, the local rules of this court, and the case progression order all reflect a philosophy of structured litigation and planned discovery, and require the parties to actually identify their trial witnesses at a particular time.

The court expresses no opinion as to any informal agreements, understandings, or misunderstandings that may have occurred among counsel in this matter.

---

[3]This provision is modeled after Fed. R. Civ. P. 26(a)(3)(A).

-4-

> If stipulations to extend the time provided in Federal Rules of Civil Procedure 33, 34, and 36 for responses to discovery would interfere with court-imposed deadlines for the completion of discovery, motion deadlines, or trial dates, such stipulations shall be effective only upon order of the court. All other discovery stipulations are effective when the parties file a written stipulation that specifies the agreed-upon change and that is signed by all parties of record.

NECivR 29.1.

It does appear that the plaintiff's failure to abide by many of the court's progression order deadlines (which were entered only after consultation with counsel) has impeded the defendant's ability to meet its own deadlines and has required the intervention of the court on at least two occasions. Unfortunately, to date, the record contains no clear indication that plaintiff has

- actually timely served Rule 26(a)(1) initial disclosures, or
- identified nonexpert witnesses in accordance with paragraph 4A of the Progression Order (#15).

If these matters have actually been completed, they are not reflected in the record, and plaintiff's attorneys have not complied with the provision in the April 28, 2005 order requiring them to "forthwith, file any certificates or disclosures not previously filed which are required by the court's progression orders or the Federal Rules of Civil Procedure."

Once again, and for no good cause shown, the plaintiff has acted only after the defendant was required to file a motion to compel discovery. I find that the pending Motion to Compel should be granted in that plaintiff failed to comply with the April 28, 2005 order.

Upon the assumption that no further irregularities will occur concerning plaintiff's expert witness, the court declines to limit the testimony of Dr. Sokol *at this time*.

As to defendant's allegation that plaintiff has failed to comply with Rule 26(a)(1)(C), plaintiff is reminded that all parties are required, to provide, as a part of their initial disclosures, "a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered[.]" Plaintiff's initial disclosures, which the court assumes were in fact served on June 24, 2004, do not fully comply with these requirements.[4] Nor did the plaintiff supplement the record in this respect by the May 6, 2005 deadline set in the April 28 order. Hence, the court is very disturbed by defense counsel's representation (#28, ¶ 3b) that plaintiff has refused to provide written releases for information relating to the medical, funeral and auto damages sought by the plaintiff. The plaintiff will be required to provide a complete supplemental disclosure as to computation of damages on or before **Monday, June 27, 2005**. The failure to do so may well result in a sanction that will seriously limit the plaintiff's ability to introduce evidence at trial on the issue of damages.

### B. MOTION FOR ATTORNEY'S FEES (#26)

Defendant seeks attorney's fees for 16.2 hours, at $150 per hour, incurred in preparing the motion to compel which was decided in the court's order of April 28, 2005. As discussed above, the plaintiff's unexcused failure or refusal to comply with the court's scheduling order have seriously disrupted the discovery schedule in this case, and for no good reason. Noting plaintiff's response (#35), the court is not persuaded that plaintiff's attorneys were lulled into

---

[4]Rule 26(a)(1) specifically provides that "[a] party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Thus, the parties have an affirmative duty to timely supplement their disclosures.

inaction due to some action or representation made by the defendant. After careful consideration, and in light of the necessity for the defendant to file a second Motion to Compel, I find that the fee request should be granted in its entirety.

**IT IS ORDERED:**

1. Defendant's Motion to Compel (#27) is granted in part, and denied in part, as follows:

   a. The court declines to limit the testimony of Dr. Sokol at this time.

   b. Plaintiff shall provide a complete supplemental disclosure as to computation of damages pursuant to Fed. R. Civ. P. 26(a)(1)(C) on or before **Monday, June 27, 2005** and shall file a corresponding Certificate of Service pursuant to NECivR 5.4.

   c. Plaintiff shall provide a list of non-expert witnesses in accordance with paragraph 4A of the Progression Order on or before **Monday, June 20, 2005** and shall file a corresponding Certificate of Service pursuant to NECivR 5.4.

2. Defendant's Motion for Attorney's Fees (#26) is granted in the amount of $2,430.00, said amount to be paid or offset at the time of final judgment. In light of this award, no further fees will be awarded in conjunction with Motion to Compel #27.

**DATED June 10, 2005.**

                         **BY THE COURT:**

                         **s/ F.A. Gossett**
                         **United States Magistrate Judge**