## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ARTHUR R. DOHMEN, Special Administrator of the Estate of Sarah A. Fitzsimmons, Deceased, on behalf of himself and Decedent's heirs and next of kin estate of  SARAH  A. FITZSIMMONS,** | ) ) ) ) ) ) ) | **CASE NO. 8:04CV164** |
| **Plaintiff,** | ) ) | **MEMORANDUM AND ORDER** |
| **vs.** | ) ) | |
| **NEBRASKA CENTRAL RAILWAY COMPANY, A Delaware Corporation, and RIO GRANDE PACIFIC CORPORATION, A Texas Corporation,** | ) ) ) ) ) ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Motion for Summary Judgment submitted by Defendant Rio Grande Pacific Corporation ("Rio Grande") (Filing No. 52), the Motion for Summary Judgment or Partial Summary Judgment submitted by both Rio Grande and Defendant Nebraska Central Railway Company ("Nebraska Central") (Filing No. 55), and the Motion to Strike submitted by both Rio Grande and Nebraska Central (Filing No. 65). Because the Plaintiff has invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332, and because this Court's jurisdiction is not apparent from the pleadings, the Plaintiff and Nebraska Central will be given leave to amend the pleadings.  The pending motions as they relate to Nebraska Central will be held in abeyance pending the amendment of the pleadings.  Rio Grande's Motion for Summary Judgment, which the Plaintiff did not resist, will be granted on its merits.

### DISCUSSION

The Plaintiff, Arthur R. Dohmen, a resident and citizen of the State of Nebraska, is the widower of Sarah A. Fitzsimmons and the administrator of her estate.  (Complaint,

Filing No. 1, ¶ 3).  On August 26, 2002, Fitzsimmons was driving westbound on 824 Road in Madison County, Nebraska, when a northbound train struck her vehicle, resulting in her death.  (*Id.* ¶ 6, 8).

Dohmen alleges based on "information and belief" that Nebraska Central is a Delaware corporation with its principal place of business in Fort Worth, Texas, and that Rio Grande is a Texas corporation with its principal place of business in Fort Worth, Texas, vesting this Court with diversity jurisdiction under 28 U.S.C. § 1332.  (*Id.* ¶¶ 4-5).  Dohmen alleges that the sole or proximate cause of Fitzsimmons's death was the negligence of Nebraska Central and Rio Grande.  (*Id.* ¶ 7).

Under 28 U.S.C. § 1332 (a): "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between  – (1) citizens of different states[.]"   For purposes of this section "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . . " and "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ."  28 U.S.C. § 1332 (c)(1) and (2).

Although it may be inferred that the decedent Fitzsimmons was a citizen of the State of Nebraska, that is not alleged in the Complaint.  Certain evidence presented by the Plaintiff in opposition to the Defendants' motions does indicate that Fitzsimmons resided in Nebraska at the time of her death.  (See, *e.g.*, Filing No. A64, Exhibit 1, Fitzsimmons Accident Report).

Of greater concern is the Defendants' Amended Answer.  Fed. R. Civ. P. 8 (a) provides:

> A party shall . . . admit or deny the averments upon which the adverse party relies.  If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial.  Denials shall fairly meet the substance of the averments denied.  When a pleader intends in good faith to deny only a part or a qualification of an averment, the pleader shall specify so much of it as is true and material and shall deny only the remainder.  Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, the pleader may make denials as specific denials of designated averments or paragraphs or may generally deny all the averments except such designated averments or paragraphs as the pleader expressly admits; but when the pleader does so intend to controvert all its averments, including averments of the grounds upon which the court's jurisdiction depends, the pleader may do so only by general denial subject to the obligations set forth in Rule 11.

With respect to the Plaintiff's statement of jurisdiction, the Defendants' Amended Answer admits only "that the Plaintiff is attempting to invoke 28 U.S.C. § 1332." (Amended Answer, Filing No. 16, ¶ 2).  With respect to the Plaintiff's allegation that Nebraska Central is a Delaware corporation with its principal place of business in Fort Worth, Texas, authorized and doing business as a railroad in the State of Nebraska, the Defendants admit only that "Nebraska Central is authorized and doing business as a railroad in the State of Nebraska." (*Id.* ¶ 4).[1]  With respect to the Plaintiff's allegation that Rio Grande is a Texas corporation with its principal place of business in Fort Worth, Texas, the Defendants state that "Rio Grande is an improper and unnecessary party and not a real party in interest in this action and should be dismissed, therefore, the Defendants deny the balance of paragraph 5." (*Id.* ¶ 5).

Although Fed. R. Civ. P. 8 (d) does provide that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in a responsive pleading," this Court has an obligation to raise

---

[1]  The brief submitted in support of its Motion for Summary Judgment or Partial Summary Judgment acknowledges that Nebraska Central is incorporated in Delaware, but does not acknowledge its principal place of business.  (Filing No. 56, p. 1).

on its own the possible defect in diversity jurisdiction. *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 389 (1998). The parties may not waive the defect or consent to jurisdiction, and the Court cannot ignore the defect. *Id.*

The wording of the Defendants' Amended Answer raises a serious concern that the Defendants may in fact contest this Court's diversity jurisdiction, but may choose to wait until after the running of the statute of limitations before raising the issue squarely in this Court. If this Court lacks diversity jurisdiction and the matter is not timely addressed, then the Plaintiff may be without a cause of action in state court, and this Court will have wasted valuable judicial resources.

## CONCLUSION

Accordingly, the Plaintiff is given leave to amend his Complaint on or before February 1, 2006, to include an averment of the citizenship of the decedent Sarah A. Fitzsimmons in compliance with 28 U.S.C. § 1332 (c)(2). Because the Plaintiff offered no resistence to the Motion for Summary Judgment submitted by Rio Grande, and because Rio Grande met its burden of demonstrating that it is entitled to judgment as a matter of law,[2] Rio Grande's Motion for Summary Judgment will be granted and the Plaintiff's Amended Complaint shall not include Rio Grande as a named defendant.

---

[2] Evidence submitted on behalf of Rio Grande (Filing 54) demonstrates that although Rio Grande owns all the stock of Nebraska Central, the two corporations are separate legal entities and not alter egos. (Affidavit of Richard D. Bertel, Rio Grande President, Filing No. 54, Exhibit 1, ¶¶ 2-3). The trackage where the accident occurred was leased by Nebraska Central from Union Pacific Railroad Company; the locomotives were borrowed by Nebraska Central from Union Pacific; the train crew in question was employed by Nebraska Central; and the tracks were inspected and maintained by personnel employed exclusively by Nebraska Central and not Rio Grande. (*Id.*, ¶¶ 3-4). Rio Grande personnel do not set timetable speeds, operate trains, inspect or repair tracks, install or maintain warning devices, monitory compliance by train crews, or undertake any other tasks at the "operational level." (*Id.* ¶ 3).

The Defendant Nebraska Central shall respond to the Plaintiff's Amended Complaint within one week after the filing of the Amended Complaint, and shall admit or deny each averment in compliance with Fed. R. Civ. P. 8, specifically each averment related to the Court's alleged diversity jurisdiction.  In its responsive pleading, the Defendant Nebraska Central shall specifically admit or deny the allegations regarding the "State by which it has been incorporated" and the "State where it has its principal place of business," in accordance with 28 U.S.C. § 1332 (c)(1).

IT IS ORDERED:

1.    The Plaintiff shall file an Amended Complaint in compliance with this Order on or before February 1, 2006, or the Plaintiff's action will be dismissed without prejudice;

2.    The Defendant Nebraska Central Railway Company shall respond to the Amended Complaint within one week of the filing of the Amended Complaint, and, at the latest, before February 8, 2006, in compliance with this Order;

3.    The Defendant Rio Grande Pacific Corporation's Motion for Summary Judgment (Filing No. 52) is granted;

4.    The following motions are denied as moot as to Defendant Rio Grande Pacific Corporation, and they are held in abeyance as to Defendant Nebraska Central Railway Company until such time as the Court is satisfied that it has jurisdiction over this case:

a.    Defendants Nebraska Central Railway Company and Rio Grande Pacific Corporation's Motion for Summary Judgment or Partial Summary Judgment (Filing No. 55);

5

      b.      Defendants Nebraska Central Railway Company and Rio Grande Pacific Corporation's Motion to Strike (Filing No. 65); and

5.      All other deadlines, including the trial date of April 11, 2006, remain unchanged.

DATED this 25th day of January, 2006.

                    BY THE COURT:

                    s/Laurie Smith Camp
                    United States District Judge